575 P.2d 1276

**The STATE of Arizona, Appellee,**

v.

**Juan Jesus MOLINA, Appellant.**

**No. 2 CA–CR 1121.**

Court of Appeals of Arizona, Division 2.

Jan. 12, 1978.

Rehearing Denied Feb. 14, 1978.

Review Denied March 7, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III, and Diane DeBrosse Hienton, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

OPINION

RICHMOND, Chief Judge.

Appellant, sentenced to concurrent sentences of not less than five nor more than

six years in the state prison for (1) possession of heroin for sale and (2) unlawful sale of heroin, attacks the constitutionality of subsections (A) and (D) of A.R.S. § 36–1002.01 and A.R.S. § 36–1002.02. He claims that these statutory provisions, which mandate service of a five-year prison term, constitute an unconstitutional invasion of the powers of the executive as well as judicial branch of the government.

We have previously rejected a claim that mandatory prison sentences are an unconstitutional usurpation of judicial power. *See State v. Williams*, 115 Ariz. 288, 564 P.2d 1255 (App.1977). Nor do we find an invasion of the executive domain because of non-eligibility for parole until the minimum sentence is served. The Arizona Constitution, Art. 5, § 5, gives the Governor power to grant reprieves, commutation, and pardons, with certain exceptions. The constitution does not speak of parole and therefore parole is within the legislative scope of establishing suitable punishment for the various crimes. *See Standlee v. State*, 96 Idaho 849, 538 P.2d 778 (1975).

Whether mandatory prison sentences are not appropriate in every situation is a question for the law-making body, not the courts.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.