793 P.2d 1093
**STATE of Arizona, Appellee,**

v.

**Roger Allen BERGER, Appellant.**

**No. CR–89–0224–PR.**

Supreme Court of Arizona,
En Banc.

May 15, 1990.

Robert K. Corbin, Atty. Gen., Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender, John W. Rood, III, Maricopa County Deputy Public Defender, Phoenix, for appellant.

GORDON, Chief Justice.

The State of Arizona and defendant (Roger Allen Berger) both petitioned this Court to review the court of appeals' decision, 164 Ariz. 46, 790 P.2d 744, upholding the imposition of lifetime parole as part of the sentence following defendant's conviction of a dangerous crime against children in the second degree. We granted review because of an apparent conflict with the court of appeals' decision in *State v. Wagstaff*, 161 Ariz. 66, 775 P.2d 1130 (App. 1988). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3).

For purposes of our review, it is sufficient to note that, pursuant to a plea agreement, defendant pled guilty to attempted molestation of a child, a class 3 felony and a dangerous crime against children as defined in A.R.S. § 13–604.01(K). The superior court sentenced defendant to an aggravated term of 15 years' imprisonment. In addition, the court exercised its discretion under A.R.S. § 13–604.01(I) and ordered defendant placed on lifetime parole upon his release.

Defendant appealed from his sentence, arguing that the superior court's order placing him on lifetime parole should be vacated pursuant to the court of appeals' decision in *State v. Wagstaff*. The State agreed that *Wagstaff* applies to persons convicted of a dangerous crime against children in the second degree.

The court of appeals held that the concern underlying *Wagstaff*, that it is impossible to enforce the lifetime parole provision as it relates to those convicted of a dangerous crime against children in the first degree, is not present in a conviction for second-degree dangerous crimes against children. The court observed that a second-degree offender was eligible for parole release consideration after serving half of the term of imprisonment imposed. According to the court of appeals, therefore, a second-degree offender possibly could have an unexpired term for which reimprisonment could be imposed upon violation of a parole condition. The *Berger* panel of the court of appeals also disagreed with the *Wagstaff* panel's characterization of the lifetime parole scheme as a violation of separation of powers. It pointed out that A.R.S. § 13–604.01(I) authorizes the superior court to sentence a defendant to lifetime parole but the Board of Pardons and Paroles retains discretion on whether to release an offender on parole at all. The court of appeals determined that such a legislative scheme did not violate separation of powers.

### Discussion

With regard to those convicted of a dangerous crime against children in the second degree, A.R.S. § 13–604.01(I) provides:

> If the person is convicted of any dangerous crime against children in the second degree the court, in addition to any term of imprisonment imposed or in lieu of the term if probation is otherwise authorized, may order that the person convicted be supervised on probation or on parole after release from confinement on such conditions as the court or board of pardons and paroles deems appropriate for any term up to the rest of the person's life.

In *State v. Wagstaff*, 164 Ariz. 485, 794 P.2d 118 (1990), we affirmed the court of appeals' determination that the lifetime parole provision violates separation of powers, but applied a different analysis. We agree with the court of appeals panel in the *Berger* case that the statute authorizes the court to impose a parole term up to the remainder of the person's life as part of the sentence. *See Wagstaff,* at 485, 794 P.2d 118. We disagree, however, with the court of appeals' determination that the enforcement concern with respect to first-degree offenders is not present with regard to second-degree offenders.

As we stated in *Wagstaff,* the uncertainty as to how the legislature envisioned the enforcement of violation of a parole term abdicates the legislative power to fix penalties to the judiciary. Although a second-degree offender may or may not be granted parole before the term of imprisonment expires, the legislative scheme for enforcement of the period of parole after the remaining term of imprisonment expires is as uncertain for second-degree offenders as it is for first-degree offenders.

In accord with our decision today in *Wagstaff,* we declare that A.R.S. § 13–604.01(I), as it relates to second-degree offenders, violates separation of powers. The decision of the court of appeals on this issue is vacated. Defendant's sentence is modified pursuant to A.R.S. § 13–4037 to delete all reference to lifetime parole.

FELDMAN, V.C.J., and LACAGNINA, J., concur.

Justice ROBERT J. CORCORAN recused himself and did not participate in this decision; pursuant to Ariz. Const. art. 6, § 3, Judge MICHAEL A. LACAGNINA of the Court of Appeals, Division Two, was designated to sit in his stead.

CAMERON, Justice, dissenting.

Based on my dissent in *State v. Wagstaff,* 164 Ariz. 485, 794 P.2d 118 (1990), I would uphold the imposition of lifetime parole for a defendant convicted of child molestation in the second degree. However, I disagree with the court of appeals reasoning, and, for purposes of enforcement,

would not make a distinction between first and second degree offenders.

MOELLER, J., concurs in the dissent.