24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jeffrey Howard LYONS, Petitioner-Appellant,
v.
Samuel A. LEWIS, Director, et al., Respondent-Appellee.
 No. 93-15891.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1994.*
Decided April 21, 1994.
 
 Before: SCHROEDER, D.W. NELSON and CANBY, CIRCUIT JUDGES.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeffrey H. Lyons appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition.
 
 BACKGROUND
 
 3
 Pursuant to a written plea agreement, Lyons pled guilty in Arizona state court to two counts of attempted child molestation. On Count II, Lyons was sentenced to a prison term of five years. He has completed this sentence and remains subject only to the sentence for Count I, lifetime supervised probation. He brought a habeas petition in federal district court alleging various bases for relief. The district court denied his petition.
 
 
 4
 Lyons alleges that the district court committed procedural error by dismissing his petition allegedly for his failure to file a reply pleading. Regarding the merits, Lyons asserts that lifetime probation is cruel and unusual punishment violative of the Eighth Amendment. He also contends that he did not knowingly and voluntarily waive his constitutional rights when he signed the plea agreement, and thus, that the sentence violated his right to due process. Finally, Lyons claims that Arizona's lifetime probation law violates the principle of separation of powers inherent in the Arizona Constitution.
 
 DISCUSSION
 
 5
 1. Alleged dismissal for failure to reply.
 
 
 6
 Lyons alleges that the district court denied his petition for a writ of habeas corpus "based on the fact [that he] had not filed a reply" to the government's response brief. Lyons has misinterpreted the meaning of the district court's order. The relevant portion of the order reads:
 
 
 7
 Because the answer to petitioner's habeas petition, filed over one year ago, provides a complete legal analyses [sic] of past proceedings herein, which has never been replied to or in any way contested by petitioner, the petition is denied and dismissed. The clerk will enter judgment accordingly.
 
 
 8
 The proper interpretation of the order is that it is a dismissal on the merits of the petition, not a dismissal for Lyons' failure to file a reply brief. We proceed, therefore, to the merits of Lyons's petition.[1]
 
 
 9
 II. Cruel and unusual punishment claim.
 
 
 10
 Lyons argues that the imposition of lifetime probation violates the cruel and unusual punishment clause in the Eighth Amendment. The state argues that Lyons has procedurally defaulted on the claim and failed to prove "cause" and "actual prejudice."
 
 
 11
 Lyons raised the cruel and unusual punishment issue in state court in his first petition for post-conviction relief. The state court denied the motion because the issue was not raised on direct appeal. See Ariz.R.Crim.P. 32. Thus, he procedurally defaulted on the state claim. We are barred from considering the merits of the claim unless Lyons demonstrates cause for his default and actual prejudice from the alleged violation, or that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 12
 Lyons' asserted cause for his failure to bring the claim earlier is the fact that the Arizona State Supreme Court had not yet decided State v. Wagstaff, 164 Ariz. 485, 794 P.2d 118 (1990), a case that he contends provides authority for his claim.
 
 
 13
 We note, first, that a legal opinion rendered after the time for appeal has expired will constitute cause only in extraordinary circumstances. See, e.g., Reed v. Ross, 468 U.S. 1, 16-17 (1984) (cause demonstrated where United States Supreme Court adopted and retroactively applied a constitutional principle that was contrary to a practice the Court had arguably sanctioned in prior cases). Moreover, Wagstaff fails to provide any authority that lifetime probation is cruel and unusual. Wagstaff stands for the unrelated proposition that, under the Arizona constitution, "vesting the judiciary with the power to impose parole terms and conditions encroaches on the executive branch and consequently is unconstitutional." Id. at 794 P.2d at 123. Wagstaff contains no discussion of the cruel and unusual punishment clause in the Eighth Amendment. Consequently, Lyons has failed to show cause for his procedural default and, accordingly, we may not consider his contention that lifetime probation violates the Eighth Amendment.
 
 
 14
 III. Lyons' failure to waive voluntarily his constitutional rights under the plea agreement.
 
 
 15
 Lyons asserts that his plea violated due process because the court failed to inform him that he had a constitutional right to a probable cause hearing and to be presumed innocent until proven guilty by a unanimous jury verdict. He alleges also that the state coerced him into entering the plea by adding Count II. The state alleges that Lyons has never previously made these claims and that, in any case, the claims are not cognizable.
 
 
 16
 We agree that these claims were raised neither in Lyons' habeas petition in district court, nor in his prior state court proceedings. He raises them for the first time on appeal. Accordingly, absent a showing of cause and prejudice, we may not consider the merits of Lyons's contention.
 
 
 17
 IV. Separation of powers.
 
 
 18
 Lyons's final claim is that the imposition of lifetime probation by the state court violates the principle of separation of powers inherent in the Arizona Constitution. Our habeas review is limited to the question of whether Lyons's federal rights were violated. Accordingly, we refuse to address Lyons's contention.
 
 CONCLUSION
 
 19
 Accordingly, we lack authority to consider Lyons's contention.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Contrary to Lyons' assertions, the magistrate judge's erroneously filed Report and Recommendation was not a post hoc justification for the district court's dismissal. Because the Report and Recommendation was entered without jurisdiction, however, it is not part of the record on appeal