NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

QURIAN VERE ROBERSON, *Petitioner.*

No. 1 CA-CR 14-0160 PRPC
FILED 12-8-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 2002-095105
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Qurian Vere Roberson, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Acting Presiding Judge Jon W. Thompson and Judge Peter B. Swann joined.

**W I N T H R O P**, Judge:

**¶1**　　　　Petitioner, Qurian Vere Roberson ("Roberson"), petitions this court for review of the dismissal of his petition for post-conviction deoxyribonucleic acid ("DNA") testing pursuant to Arizona Revised Statutes ("A.R.S.") section 13-4240 (2010).[1] We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**　　　　In December 2002, a jury convicted Roberson of misconduct involving weapons, two counts of armed robbery, and three counts of aggravated assault. This court affirmed his convictions and original sentences on direct appeal. After a successful petition for post-conviction relief, the trial court resentenced Roberson to an aggregate term of 31.5 years' imprisonment, and this court again affirmed his sentences.

**¶3**　　　　In his fourth post-conviction proceeding since resentencing, Roberson sought post-conviction DNA testing of a ski mask, assault rifle, and bullets used in the course of the robbery. Roberson argued DNA tests on those items might reveal the presence of the DNA of another person and, in turn, prove Roberson was not the person who robbed the victims. The trial court denied the petition, and Roberson now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and A.R.S. § 13-4239(C) (2010). We review the denial of post-conviction relief for an abuse of discretion. *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986).

**¶4**　　　　Roberson sought DNA testing pursuant to A.R.S. § 13-4240(B) and (C). Subsection (B) provides in pertinent part that a trial court "shall" order DNA testing if the court finds "[a] reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through [DNA] testing." A.R.S. § 13-4240(B)(1).

---

[1]　　　　Section 13-4240 is contained within the Article 29 Post-Conviction Relief provisions of the Criminal Code.

Subsection (C) provides in pertinent part that the trial court "may" order DNA testing if the court finds a reasonable probability exists that "[t]he petitioner's verdict or sentence would have been more favorable if the results of [DNA] testing had been available at the trial leading to the judgment of conviction" or "[DNA] testing will produce exculpatory evidence." A.R.S. § 13-4240(C)(1)(a)-(b).[2]

¶5        We deny relief because there is no reasonable probability the State would not have prosecuted Roberson or that a jury would not have convicted Roberson even if testing of the items revealed the presence of DNA from another person or the absence of Roberson's DNA. Nor would the verdicts or sentences have been more favorable if the results of favorable DNA testing had been available at trial, and no reasonable probability exists that DNA testing would produce exculpatory evidence. The absence of Roberson's DNA would not mean that Roberson did not wear the mask or handle the rifle; likewise, the presence of someone else's DNA would not mean that Roberson did not wear the mask or handle the rifle.

¶6        More importantly, the evidence of Roberson's guilt was overwhelming. Roberson robbed a family on the street at gunpoint and took eighty-seven dollars from them. The victims could not see Roberson's face because he wore the ski mask. The husband, however, immediately began to chase Roberson on foot as Roberson ran from the scene. Within moments, and while Roberson was still in sight, the husband and wife signaled a passing police car, told the officer they had just been robbed, and pointed to the fleeing Roberson. The officer saw Roberson "running at full speed" from the scene and pursued Roberson in his car. When the officer caught Roberson a short distance later, he recognized Roberson as the person running from the scene. The husband watched as the officer pursued and apprehended Roberson and never lost sight of the officer or Roberson. Despite the fact Roberson wore a mask, the victims identified Roberson as the robber at the scene based on his clothing, shoes, height, build, and ethnicity. Further, Roberson possessed eighty-seven dollars, the

_____

[2]        The State did not file a response in the trial court or in this court. Therefore, we assume *arguendo* that Roberson satisfied the other factors necessary to either require or permit DNA testing. *See* A.R.S. § 13-4240(B)(2)-(3), (C)(2)-(3) (requiring that the evidence must still exist, must be in a condition to permit DNA testing, and must not have been previously subjected to DNA testing in general or the specific DNA testing requested if that specific test will resolve an issue not previously resolved by previous testing).

exact amount he took from the victims. Finally, Roberson attempted to conceal his ski mask by lying on top of it when the police officer ordered him to the ground. The officer found the mask under Roberson when Roberson arose from the ground after his arrest. The victims identified the mask as the mask worn by the robber. Police officers found the assault rifle used in the robbery on the ground twenty to thirty feet from Roberson. Based on this evidence, there is no reasonable probability the State would not have prosecuted Roberson or a jury would not have convicted Roberson, even if testing of the items revealed the presence of DNA from another person or the absence of Roberson's DNA.

¶7        Although the petition for review presents a number of additional issues, Roberson did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *See State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988), *approved as modified*, 164 Ariz. 485, 493, 794 P.2d 118, 126 (1990); *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); Ariz. R. Crim. P. 32.9(c)(1)(ii). Further, Roberson could have raised those issues in previous post-conviction relief proceedings. In general, any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a).

¶8        For the above reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

4