NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

PAUL CLEMETH MELVILLE, JR., *Petitioner*.

No. 1 CA-CR 15-0259 PRPC
FILED 4-18-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-009547-002 DT
The Honorable Peter C. Reinstein, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Paul Clemeth Melville, Jr., Kingman
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

¶1        Petitioner, Paul Clemeth Melville, Jr., petitions for review of the superior court's dismissal of his petition for post-conviction relief. We have considered the petition for review, and for the reasons stated, grant review but deny relief.

¶2        A jury convicted Melville of four counts of aggravated assault and two counts of armed robbery. After sentencing, Melville appealed, and this court affirmed his convictions and sentences. Melville subsequently sought post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32, arguing trial counsel was ineffective by failing to request a mistrial after the trial court apparently erroneously instructed the jury that the State had proved its case beyond a reasonable doubt. Melville also raised an ineffective assistance of counsel claim with respect to appellate counsel's failure to challenge the trial court's apparent erroneous instruction on direct appeal.

¶3        The superior court denied Melville's petition, finding he failed to present a colorable claim of ineffective assistance of counsel. The court noted that, despite the trial judge's apparent faulty instruction, not only did the judge also verbally instruct the jury repeatedly that the State had the burden to prove Melville's guilt beyond a reasonable doubt, but the jurors each had the written instructions, which also correctly set forth the State's burden. The court further relied on the prosecutor's and defense counsel's statements during closing arguments reminding the jury of the State's burden of proof. The court concluded that Melville failed to prove his trial or appellate counsel's assistance was deficient, and he failed to establish prejudice.

¶4        This timely petition for review followed. "We review for abuse of discretion the superior court's denial of post-conviction relief based on lack of a colorable claim." *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006) (citation omitted).

¶5        To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996); *State v. Nash*, 143 Ariz. 392, 397-98, 694 P.2d 222, 227-28 (1985) (adopting the *Strickland* test). If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the court

need not determine whether the other prong is satisfied. *State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985).

**¶6**    We find no abuse of discretion. The record supports the superior court's findings regarding the otherwise properly instructed jury. Further, we note that the jury did not return guilty verdicts on all the charges it considered, thus indicating the jurors properly understood the State's burden of proof.[1] On such a record, Melville failed not only to establish that his trial or appellate counsel fell below objectively reasonable standards, but also that a failure to object at trial or on direct appeal to the trial court's apparent incorrect instruction resulted in prejudice. Finally, in his petition for review, Melville raises an ineffective assistance of counsel claim in connection with his rejection of a plea offer before trial. Melville failed to raise this claim in his petition for post-conviction relief. Thus, we do not address it. *See State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988), *modified on other grounds*, 164 Ariz. 485, 794 P.2d 118 (1990).

**¶7**    Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1]    Specifically, the jury found Melville not guilty on one count of burglary in the first degree, and it could not reach a unanimous verdict on three counts of kidnapping.

3