NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ANTHONY DEAN JACKSON, *Petitioner*.

No. 1 CA-CR 16-0489 PRPC
FILED 9-19-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 1995-008205
The Honorable Margaret R. Mahoney, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Anthony Dean Jackson, Los Angeles, California
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1   Anthony Dean Jackson petitions this court for review of the dismissal of his petition for post-conviction relief ("PCR"). We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2   A jury found Jackson guilty of kidnapping and sexual abuse, but acquitted him on four counts of sexual assault. The trial court sentenced Jackson to concurrent terms of 9.25 years' imprisonment for the kidnapping conviction and 2.25 years' imprisonment for the sexual abuse conviction. This court affirmed his convictions and sentences in *State v. Jackson*, 1 CA-CR 96-0420 (Ariz. App. Jan. 15, 1998) (mem. decision).

¶3   In this, his eleventh PCR, Jackson claimed he is entitled to relief under Arizona Rule of Criminal Procedure ("Rule") 32.1(f), ineffective assistance of counsel, unconstitutional search and seizure, and a violation of his right to represent himself under *Faretta v. California*, 422 U.S. 806 (1975). The superior court summarily dismissed his PCR.

¶4   Jackson filed his petition for review, first claiming a violation of the Civil Rights Act of 1964, and second, requesting a re-sentencing and monetary remuneration. He also briefly references his *Faretta* claim in the petition. The first two issues were not presented to the superior court. Issues not presented to the superior court may not be presented in the petition for review. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988), *approved as modified*, 164 Ariz. 485, 794 P.2d 118 (1990); *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980). We decline to review Jackson's new claims presented here.

¶5   Rule 32.9 requires a petitioner to indicate the issues "decided by the trial court which the defendant wishes to present to the appellate court for review" and "[t]he facts material to a consideration of the issues presented for review." Ariz. R. Crim. P. 32.9(c)(1)(ii)-(iii). Additionally, a petitioner is not to simply "incorporate any document by reference." Ariz. R. Crim. P. 32.9(c)(1)(iv). Jackson simply attaches his PCR to the petition for review. By not addressing his Rule 32.1(f), ineffective assistance of counsel, and search and seizure claims in his petition for review, he has waived review. "Failure to raise any issue that could be raised in the petition or the cross-petition for review shall constitute waiver of appellate review of that issue." Ariz. R. Crim. P. 32.9(c)(1).

**¶6**     Most of the remainder of his pleading is simply a rehash of the evidence, and an unhelpful diatribe against the victim and the courts, and is not a serious attempt to produce a colorable claim.

**¶7**     Finally, as the superior court noted, Jackson's *Faretta* claim is untimely under Rule 32.4(a) and successive.  The superior court correctly noted a dismissal of this same claim in 2010.  Jackson raised it again in 2012, and it was rejected a second time.  The claim is therefore precluded under Rule 32.2(a)(2).

**¶8**     Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA