**Carl KRUZICH, Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 90–15.**

Supreme Court of Wyoming.

Oct. 5, 1990.

Frank R. Chapman, Casper, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne and Paul S. Rehurek, Sr. Asst. Attys. Gen., Cheyenne, for appellee.

Before URBIGKIT, C.J., and
THOMAS, CARDINE, MACY and
GOLDEN, JJ.

GOLDEN, Justice.

Appellant Carl Kruzich appeals from the judgment and sentence of the district court placing him on probation for two years. He pled guilty to the crime of delivery of a controlled substance in violation of W.S. 35–7–1031 (June 1988 Repl.) and at sentencing, asked that he be treated as a first offender under W.S. 7–13–301 (June 1987 Repl.). The prosecutor would not agree to such treatment for Kruzich and the district court found that, as mandated in the statute, it could not employ that sentencing provision without the consent of the state. The district court imposed sentence. We have already addressed the issues raised by Kruzich in several recent cases and, based on those decisions, we will affirm the district court.

Kruzich poses these issues:

I. Wyoming statute § 7–13–301 violates the constitutional requirement of separation of powers by requiring prosecutorial consent to the trial court's decision as to sentencing.

II. The prosecutor's refusal to consent to sentencing under § 7–13–301, W.S. (1985), was an arbitrary abuse of discretion and therefore violated Article 1, § 2, and Article 1, § 7, of the Wyoming Constitution.

Kruzich was charged with one count of delivering a controlled substance, methamphetamine, and conspiracy to deliver that same substance. Both charges arose out of the same incident wherein Kruzich was called by a friend who asked him if he would obtain a gram of methamphetamine for someone else. He did so, and the someone else to whom he sold it was an undercover police agent. He was charged with delivery for the actual delivery and conspiracy for conspiring with his friend to deliver that substance.

After initially pleading not guilty, Kruzich entered into a plea bargain. In exchange for his plea of guilt to the delivery charge, the state dropped the conspiracy charge and agreed that Kruzich should be placed on probation rather than incarcerated. All parties understood that the actual sentence rested in the sound discretion of the trial court. When counsel for Kruzich asked that his client be treated under W.S. 7–13–301, the prosecutor responded that he could not agree to such treatment because of the nature of the crime, the nature of the substance concerned, and also because W.S. 35–7–1037 (June 1988 Repl.) provides that a district court may impose a sentence, much like that provided for in W.S. 7–13–301, on first time offenders found guilty of *possession* of a controlled substance. Here, Kruzich was found guilty of *delivery* of the controlled substance.

In *Billis v. State*, Nos. 88–250, etc., 800 P.2d 401, 412–427 (Wyo. Oct. 5, 1990), we thoroughly discussed the separation of powers issues and that section of the opin-

ion is dispositive of Kruzich's first claim of error. The second issue is also disposed of in the same decision wherein we held that a prosecutor's discretionary decisions will not be interfered with by this court unless the exercise of such discretion is based upon suspect factors such as race, religion, or other arbitrary classification. *Billis*, at 435. Kruzich did not have the benefit of the cited opinion when he briefed this case, but there is nothing in the record to even suggest the existence of any suspect factor. Instead, Kruzich's claim of right to W.S. 7–13–301 treatment was predicated upon the fact that at thirty-four years of age he had never been charged or convicted of any other crime or offense, other than moving traffic violations and that he had been steadily employed as a plumber all of his adult life.

There is no separation of powers violation, and we will not second guess such decisions of the prosecutor unless a suspect factor is called to our attention or is evident from the record.

Affirmed.

MACY, J., files a concurring opinion.

URBIGKIT, C.J., files a dissenting opinion.

MACY, Justice, concurring.

I concur simply because *Billis v. State*, 800 P.2d 401 (Wyo. Nos. 88–250, 88–304, 88–310, 88–311, 88–312 and 89–4, October 5, 1990) is controlling. I am still of the opinion that Wyo.Stat. § 7–13–301 (1977) is a separation of powers violation. See my dissenting opinion in *Billis*.

URBIGKIT, Chief Justice, dissenting.

Carl Kruzich, age thirty-five, regularly employed at the same job for about eight years and a single homeowner, accepted an inquiry from a female friend to bring over "some speed" (methamphetamine), a controlled substance, "for [her] good friend." He did; it was a set up and he was arrested and charged with the felony of delivery of a controlled substance. Kruzich accepted a negotiated plea for probation as a sentence. His criminal record was clean and his cir-

cumstance otherwise justified W.S. 7–13–301 treatment in a probationary term conviction vacation. However, application of W.S. 7–13–301 was vetoed in this case by the prosecutor on the basis that a delivery of a controlled substance case did not justify the ameliorative probationary alternative even if simple possession might otherwise.

I dissent first from the judicial relinquishment of its constitutional responsibility under the separation of powers. Secondly, in the thinnest veneer of reason applied as exercised discretion but primarily because the social waste in making a person a societal non-participant felon will serve no justified reason here. *See Billis v. State*, 800 P.2d 401 (Wyo.1990) (Nos. 88–250, 304, 310, 311, 312 and 89–4, 10/5/90), Urbigkit, Chief Justice, dissenting.

If Kruzich does not succeed in probation, he deserves what will follow. However, if this bad act is only an aberration within a circumstance which might similarly fit a significant minority if not a majority of college students, then the burden on his life within a citizen's call for responsibilities which should include jury duty and voting is surely not justified.

It cannot be said that the issue here is a diversion as a normal prosecutorial discretion—it was not. Pursuant to a plea bargain, he entered a plea and the plea was accepted. At that point, the power of prosecutorial vendetta should be called to a close. *See State v. Dalglish*, 86 N.J. 503, 432 A.2d 74 (1981) and *State v. Leonardis*, 73 N.J. 360, 375 A.2d 607 (1977) (*Leonardis II*), compared with *People v. Tenorio*, 3 Cal.3d 89, 89 Cal.Rptr. 249, 251, 473 P.2d 993, 995 (1970) (quoting *People v. Sidener*, 58 Cal.2d 645, 654, 25 Cal.Rptr. 697, 703, 375 P.2d 641, 647 (1962)) in statement, "'[c]onstitutional jurisdiction of the court to act cannot be turned on and off at the whimsy of either the district attorney or the Legislature.'"

After the sentence has been judicially adjudicated to apply the same constitutional standard, probation and parole as discretional responsibilities are executive func-

tions and cannot constitutionally be vested in the judiciary. *State v. Wagstaff*, 164 Ariz. 485, 794 P.2d 118 (1990); *State v. Berger*, 164 Ariz. 426, 793 P.2d 1093 (1990). The correlative rule of these Arizona cases continues a defined standard for separation of powers in that jurisdiction illogically rejected by the majority for application here despite our similar constitutional provisions. We are then required to substitute instead of a clear standard the merging and blending which then is, in reality, absolutely no standard at all. *Cf. United States v. Noonan*, 906 F.2d 952, 955–56 (3rd Cir.1990), which provides a valuable perspective of the reality of separation of powers. *See also* Schwartz, *Curiouser and Curiouser: The Supreme Court's Separation of Powers Wonderland*, 65 Notre Dame L.Rev. 587 (1990).

If prosecutorial intervention is to be interjected into the criminal process, then the process should be stopped before entry of a plea in the fashion previously arranged in the other correlative Wyoming statute enacted in 1939 and now by current amendment interjected as an alternative character of disposition by inclusion as a different and separate no plea arrangement in the present W.S. 7–13–301. If the prosecution wants discretional participation, it should be applied before the plea is made.

Completely separate from constitutional and case law underpinnings which cannot be found to provide justification, the basic thrust of increasing prosecutorial leverage and resulting unnecessary damage to human lives is a quid pro quo that I simply will not accept. In this statistic power grab providing increased prosecutorial authority and control, unnecessary punitive retribution in loss of citizenship rights is damage to the fabric of society for everyone.

If this kind of tough posture towards miscreants is to be adopted, then out of the era of permissiveness and the generation of greed each person whoever delivered a controlled substance to an associate or friend, including present members of professional occupations, should be similarly disadvantaged. Unfortunately, so few of us might then be left to vote that a democratic society would have no chance of survival. Unfortunately, in the war on drugs, I see one standard for wage earners and a completely different attitude toward attendees at institutions of higher education. In neither case, however, should constitutional reformation and rehabilitation be disregarded. The goal should be to benefit and not to perpetrate mindless pervasive lifetime harm in no way related to any redeeming social virtue.