NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DAVID CHAYREZ, III, *Petitioner*.

No. 1 CA-CR 13-0598 PRPC
FILED 12-8-2015

Appeal from the Superior Court in Maricopa County
No. CR2010-157391-003
The Honorable Randall H. Warner, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

David Chayrez, III, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

¶1 Petitioner, David Chayrez, III ("Chayrez"), petitions this court for review of the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2 Chayrez was involved in two cases, the "2010 case" and an unrelated "2008 case." Counsel who represented Chayrez at trial in the 2010 case also represented Chayrez in probation revocation proceedings in the 2008 case. That counsel did not, however, represent Chayrez during any other portion of the 2008 case.

¶3 A jury convicted Chayrez of conspiracy to commit possession of marijuana for sale, possession of marijuana for sale, and misconduct involving weapons in the 2010 case. The trial court sentenced Chayrez to an aggregate term of 9.25 years' imprisonment. As a result of those convictions, the court also revoked Chayrez's probation in the 2008 case and sentenced him to an aggregate term of 3.5 years' imprisonment for assisting a criminal street gang and aggravated assault. This court affirmed Chayrez's convictions, the revocation of probation, and his sentences on appeal. Chayrez now seeks review of the summary dismissal of his first petition for post-conviction relief in the 2010 case. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes section 13-4239(C) (2010).

¶4 The petition for review properly presents one issue. Chayrez argues counsel who represented him at trial in the 2010 case and the revocation proceedings in the 2008 case had a conflict of interest due to his previous representation of a defendant named "Montero." Chayrez's 2008 case was based on the same incident that resulted in charges against Montero in 2008; however, Chayrez and Montero were not charged together, the cases were never consolidated, and both defendants ultimately pled guilty. Regardless, Chayrez contends his counsel could not represent him in the revocation proceedings in the 2008 case because he

previously represented Montero for the same incident. He further argues counsel could not represent him in the 2010 case because the State used the convictions from the 2008 case to enhance the sentences in the 2010 case.

**¶5** Absent informed, written consent of each affected client, "[a] concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Ariz. R. Sup. Ct. 42, ER ("Rule") 1.7. In order to prove ineffective assistance of counsel based on the existence of a conflict of interest, a defendant must show there was an actual conflict of interest and that the conflict had an adverse effect on counsel's representation. *State v. Jenkins*, 148 Ariz. 463, 466, 715 P.2d 716, 719 (1986). To establish an adverse effect, the defendant must show the conflict reduced his attorney's effectiveness. *Id*. at 467, 715 P.2d at 720. The negative impact must, however, be "substantial." *Id*. Finally, a violation of Rule 1.7 does not necessarily result in a finding of ineffective assistance of counsel. *Id*. at 465, 715 P.2d at 718.

**¶6** We deny relief. Chayrez has failed to present a colorable claim that there was an actual conflict of interest or that any alleged conflict had an adverse effect on counsel's representation. First, as noted by the trial court, counsel's representation of Montero ended shortly after Montero's sentencing in December 2009. Counsel did not appear in Chayrez's cases until November 2010. Second, the probation revocation proceedings were completely independent of the underlying charges and evidence in the 2008 case. The trial court revoked probation in the 2008 case based solely on Chayrez's convictions in the 2010 case. Any knowledge of the events in the 2008 case that counsel gained through his representation of Montero was irrelevant in the context of Chayrez's revocation proceedings. Finally, nothing in the record suggests counsel's prior representation of Montero was, at any time, directly adverse to Chayrez, or that counsel's prior representation limited counsel's representation of or responsibilities to Chayrez in any way, let alone "materially."

**¶7** Chayrez offers only speculation to the contrary. Chayrez directs us to nothing in the record to support his claim that counsel obtained a better resolution for Montero by brokering a "deal" in which Montero would assist the State in its 2008 case against Chayrez, or that Montero

ultimately assisted the State in any case against Chayrez.[1]  He directs us to nothing in the record to support his claim that counsel recommended Chayrez not testify at trial because of information counsel obtained through his representation of Montero.  If this did occur, Chayrez does not explain how counsel's recommendation was adverse to Chayrez or how it adversely affected or limited counsel's representation of Chayrez.  Chayrez also does not explain how his testimony could have changed the outcome of the 2010 case.  This court previously recognized on direct appeal of the 2010 case that Chayrez's participation in the "warehouse transaction," his handling and possession of marijuana, and his possession of a handgun all appeared on a surveillance video admitted at trial.

**¶8**        Although the petition for review presents additional issues, Chayrez did not raise those issues in the petition for post-conviction relief he filed below.  A petition for review may not present issues not first presented to the trial court.  *See State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988), *approved as modified*, 164 Ariz. 485, 493, 794 P.2d 118, 126 (1990); *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶9**        For the above reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[1]        Counsel did not begin to represent Montero in the 2008 case until approximately two months after Montero pled guilty.