924 P.2d 494

STATE of Arizona, Appellee,

v.

William Arnell JACKSON, Appellant.

No. 1 CA–CR 95–0497.

Court of Appeals of Arizona,
Division 1, Department A.

March 28, 1996.

Review Denied Sept. 24, 1996.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Robert S. Golden, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

WEISBERG, Judge.

William Arnell Jackson ("defendant") appeals his conviction and sentence for one count of aggravated assault. For the following reasons, we affirm.

## FACTUAL [1] AND PROCEDURAL BACKGROUND

Defendant lived in an apartment complex and suspected one of his neighbors, Michael Hamilton, of vandalizing his cars. On June 24, 1994, he summoned Hamilton from his apartment and the two walked out to the parking lot. Defendant then accused Hamilton of causing the damage done to his cars. When Hamilton denied responsibility, defendant produced a loaded handgun from his back pocket and pressed it into Hamilton's nose, holding it there for approximately one minute. Not surprisingly, Hamilton feared he would be shot. Defendant then made threatening remarks, to the effect that Hamilton would learn to respect black people and "If you want a war, we'll have a war." The two then returned to their apartments and Hamilton called the police, who arrived and arrested defendant.

Defendant was charged with and convicted by a jury of aggravated assault. The trial court imposed the mandatory minimum sentence of five years imprisonment. As mitigating factors, the trial court cited defendant's lack of prior felony convictions, his need for anger control counseling and treatment, and the fact that he is the father of an infant daughter.

The trial court expressed regret that it had to impose prison time and found the sentence clearly excessive

> because you have no prior felony convictions, because I think there's a need here for counseling for anger control, and not— and you're not going to get that in the Department of Corrections.

I've also considered that you're the father of at least one infant daughter, and that there was no discharge of the weapon, there was no injury to the victim and no significant psychological or emotional trauma to the victim in this case.

Therefore, pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–603(J),[2] the trial court entered a special order allowing defendant to petition the Board of Executive Clemency for a commutation of his sentence. Defendant timely appeals.

## DISCUSSION

Defendant argues that the statutory sentencing scheme is unconstitutional. First he argues that, because the trial court is compelled to impose a sentence it finds "clearly excessive," the sentencing scheme must result in violations of due process and the Eighth Amendment to the United States Constitution. Second, he reasons that A.R.S. section 13–603(K) violates the constitutionally mandated separation of powers because it delegates to the executive branch the remedy for clearly excessive sentences. We disagree.

We begin by observing that the legislature does not violate the constitution by establishing a mandatory minimum sentence. *See State v. Bly,* 127 Ariz. 370, 371–72, 621 P.2d 279, 280–81 (1980); *State v. Garcia,* 176 Ariz. 231, 235, 860 P.2d 498, 502 (App.1993); *State v. Williams,* 115 Ariz. 288, 289, 564 P.2d 1255, 1256 (App.1977). The authority to define crimes and fix the penalties for such crimes rests with the legislature, not the judiciary. *State v. Wagstaff,* 164 Ariz. 485, 490, 794 P.2d 118, 123 (1990). "Whether mandatory prison sentences are not appropriate in every situation is a question for the law-making body, not the courts." *State v. Molina,* 118 Ariz. 250, 251, 575 P.2d 1276, 1277 (App.1978). Thus, unless the mandatory minimum sentence violates the Eighth Amendment's ban on cruel and un-

---

1. We view the facts, and all reasonable inferences from those facts, in the light most favorable to sustaining defendant's convictions. *State v. Atwood,* 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992), *cert. denied,* 506 U.S. 1084, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993).

2. This subsection has since been renumbered A.R.S. section 13–603(K). Hereinafter, we will refer to this subsection by its current codification.

usual punishment, the sentencing court's discretion is limited by the parameters established by the legislature. *Bly,* 127 Ariz. at 372, 621 P.2d at 281.

Because Arizona's statutory sentencing scheme requires the trial court to impose a sentence it deems clearly excessive, defendant contends that it requires the imposition of a sentence that violates the Eighth Amendment. Defendant, however, mistakenly equates "clearly excessive" with "grossly disproportionate." We decline to construe the two phrases identically.

If a trial court concludes that the mandatory minimum sentence constitutes cruel and unusual punishment, the sentence is unconstitutional and the trial court must not impose it. If, however, the trial court concludes that the sentence does not rise to that level, but that it still is "clearly excessive," the court must impose the sentence but may allow the defendant to petition the governor for commutation of his sentence. *See* A.R.S. § 13–603(K). The statute, therefore, does not require that a trial court impose a sentence that violates the Eighth Amendment.

■ Defendant next argues, without analysis, that his sentence was cruel and unusual. We disagree. The Eighth Amendment forbids only extreme sentences that are "grossly disproportionate" to the crime committed. *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring); *State v. Bartlett,* 171 Ariz. 302, 304, 830 P.2d 823, 825, *cert. denied,* 506 U.S. 992, 113 S.Ct. 511, 121 L.Ed.2d 445 (1992). The factors to be considered in this determination are the type of harm threatened or inflicted on the victim or society, the level of defendant's culpability, as measured by the seriousness of the crime and against whom it was committed, and the level of violence employed. *Solem v. Helm,* 463 U.S. 277, 292–93, 103 S.Ct. 3001, 3010–11, 77 L.Ed.2d 637 (1983).

■ In the instant case, while no actual physical harm resulted from defendant's conduct, both the implicitly threatened harm and the violence employed were substantial. Defendant pressed a loaded handgun into the victim's nose for approximately one minute and made threatening remarks, causing the victim to fear for his life. This was a violent crime involving the use of a deadly weapon. We cannot conclude that a prison term of five years is grossly disproportionate to defendant's crime. *See Garcia,* 176 Ariz. at 236, 860 P.2d at 503 (finding that a mitigated prison term of five years for aggravated assault "present[ed] no issue of cruel and unusual punishment").

Defendant lastly argues that A.R.S. section 13–603(K) violates the separation of powers, as mandated by Article III of the Arizona Constitution. He contends that the statute "wrongly transfers judicial and legislative functions to the executive branch" by granting only to the executive, via a petition for commutation of sentence, the power to remedy a sentence that the court finds "clearly excessive." This argument is without merit.

■ First, as discussed above, pursuant to the Arizona Constitution's separation of powers, the judiciary's authority over sentencing criminal defendants is limited to the discretion granted it by the legislature. Second, the constitution itself explicitly bestows upon the executive the authority to commute sentences:

> The Governor shall have power to grant reprieves, commutation, and pardons, after convictions, for all offenses except treason and cases of impeachment, upon such conditions and with such restrictions and limitations as may be provided by law.

Ariz. Const. art. V, § 5. A.R.S. section 13–603(K), therefore, is entirely consistent with the constitution's distribution and separation of powers.

As noted above, the sentencing court has the authority—the duty, in fact—to not impose a sentence that is grossly disproportionate under the Eighth Amendment. Absent such a finding, though, the court has no constitutional authority to impose a sentence that is any less severe than the range of sentences prescribed by the legislature. The mere fact that certain defendants have the additional remedy of petitioning to the governor for commutation of their sentence can only work to their benefit. We therefore

reject defendant's separation of powers argument.

## CONCLUSION

Neither defendant's sentence nor A.R.S. section 13–603(J) offends the United States or Arizona Constitutions. We have reviewed the record for fundamental error and have found none. Accordingly, we affirm defendant's conviction and sentence.

CONTRERAS, P.J., and TOCI, J., concur.