NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JAMEZ DUBUEUE HENDERSON, *Appellant.*

No. 1 CA-CR 18-0222
FILED 4-11-2019

---

Appeal from the Superior Court in Maricopa County
No.  CR2015-107441-001
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry Reid
*Counsel for Appellant*

MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

C A T T A N I, Judge:

¶1        Jamez Dubueue Henderson appeals his convictions and sentences for possession of a narcotic drug for sale, a class 2 felony, and possession of drug paraphernalia, a class 6 felony.  Henderson's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  Henderson did not file a supplemental brief, but asked counsel to suggest that this court review (1) whether holding trial in absentia violated Henderson's Sixth Amendment right to personally confront the witnesses against him and (2) whether Arizona's sentencing scheme of mandatory sentences violates the Eighth Amendment prohibition against cruel and unusual punishment.  After reviewing the record, we affirm Henderson's convictions and sentences.

FACTS AND PROCEDURAL BACKGROUND

¶2        In February 2015, police officers pulled Henderson over for a traffic violation.  An officer approached the vehicle and saw Henderson swallow what appeared to be a large piece of crack cocaine.  Officers searched Henderson and his car and found 109 grams of crack cocaine with a street value of approximately $8,500, a medium-sized scale, and $3,000 in cash.  Henderson was arrested and charged with possession of a narcotic drug for sale and possession of drug paraphernalia.

¶3        Henderson was informed at his initial appearance that, if he failed to appear, court proceedings would go forward in his absence. Several months later, he posted bond but did not maintain contact with his attorney.  He failed to appear for a status conference, and the superior court issued a bench warrant. Henderson was absent from all subsequent pretrial proceedings, and in August 2016, the court held a trial in absentia.  The jury convicted him of both counts and found that he committed the offenses while on community supervision.

**¶4**        Henderson was later extradited from Nebraska where he had been incarcerated for new felony offenses committed in December 2016. The superior court found that Henderson had three historical prior felony convictions and thus sentenced him as a category 3 repetitive offender to concurrent aggravated terms, the longest of which is 21 years, with 271 days of presentence incarceration credit. Henderson timely appealed.

## DISCUSSION

**¶5**        We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

**¶6**        Henderson's confrontation clause argument is unavailing. Even though Henderson was not present at trial, he was represented by counsel, who was permitted to confront the witnesses against Henderson through cross-examination. And although a criminal defendant has a constitutional right to be present at trial, *State v. Kolmann*, 239 Ariz. 157, 161, ¶ 12 (2016), he may relinquish that right if he is voluntarily absent from trial. *State v. Garcia-Contreras*, 191 Ariz. 144, 147, ¶ 9 (1998). A defendant's absence from trial is considered voluntary if, after being informed that proceedings will go forward in his absence, the defendant fails to maintain contact with his attorney and does not appear for trial. *See State v. Muniz-Caudillo*, 185 Ariz. 261, 262 (App. 1996); *see also Brewer v. Raines*, 670 F.2d 117, 119 (9th Cir. 1982).

**¶7**        Here, Henderson was informed that proceedings would go forward without him if he failed to appear. After posting bond, he did not maintain contact with his attorney and failed to appear for trial. The superior court could thus infer that Henderson voluntarily absented himself from trial and properly proceeded in his absence. *See Muniz-Caudillo*, 185 Ariz. at 262.

**¶8**        Henderson's Eighth Amendment argument challenging Arizona's sentencing scheme is similarly unavailing. The Arizona Legislature can constitutionally establish a mandatory minimum sentencing scheme. *See State v. Jackson*, 186 Ariz. 490, 491 (App. 1996). And Henderson has not argued that his particular sentence is "grossly disproportionate" to the crime. *See id.* at 492. Accordingly, he has failed to establish an Eighth Amendment violation.

**¶9**        Henderson was represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Henderson all his constitutional and statutory rights, and that the

proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdicts. Henderson's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

**CONCLUSION**

**¶10** Henderson's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Henderson's representation in this appeal will end after informing Henderson of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Henderson has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA