NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TRINT KLEINMAN, *Appellant.*

No. 1 CA-CR 24-0653

FILED 11-06-2025

Appeal from the Superior Court in Navajo County
No. S0900CR201800105
The Honorable Dale P. Nielson, Judge *Retired*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Law Office of Christian Ackerley, PLLC, Salome
By Christian C. Ackerley
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

_____

**B A I L E Y**, Judge:

**¶1**        Trint Kleinman appeals his 4.5-year sentence for one of three counts of sexual conduct with a minor, a class 2 non-dangerous felony.  For the following reasons, we affirm that sentence but remove the reference to Arizona Revised Statutes ("A.R.S.") section 13-705 in the sentencing minute entry, which incorrectly indicates the crime is a dangerous crime against children ("DCAC").

**FACTS AND PROCEDURAL HISTORY**

**¶2**        When Kleinman was about twelve or thirteen years old, he had sexual contact with his younger sibling ("victim") three times between 2009 and 2011.  In 2017, victim informed her mother about these events.  A jury found Kleinman guilty of three counts of sexual conduct with a minor under fifteen years of age, each a class 2 felony and DCAC.  *See* A.R.S. § 13-705.  He was sentenced to consecutive, flat-time terms of thirteen years' imprisonment for each conviction.

**¶3**        Kleinman timely appealed the sentences and argued they violated his Eighth Amendment right against cruel and unusual punishment.  Relying on *State v. Davis*, 206 Ariz. 377 (2003), and the State's concession that the sentences were grossly disproportionate to the offenses, this court vacated Kleinman's sentences and remanded for the superior court to resentence him under A.R.S. §§ 13-701, -702, and -703[1], as class 2 non-dangerous felony offenses.

_____

[1] Section 13-703, which addresses repetitive offender sentencing was added in 2008.  *See* 2008 Ariz. Sess. Laws, ch. 301, § 28 (2nd Reg. Sess.) (eff. Jan. 1, 2009).  It has since been amended, but there were no material revisions between the 2009 and 2011 versions, which is when the crimes occurred.

¶4        On remand, the superior court sentenced Kleinman to concurrent, mitigated sentences of 3.0 years, 4.5 years, and 10.5 years for counts 1, 2, and 3, respectively.

¶5        Kleinman timely appealed, arguing the 10.5-year sentence for count 3 violated his Eighth Amendment right against cruel and unusual punishment. We declined to address his constitutional argument but modified his 10.5-year sentence as to count 3 to 4.5 years pursuant to A.R.S. § 13-703(B)(1), (I) and affirmed his other sentences.

¶6        On November 4, 2024, the superior court sentenced Kleinman to a mitigated term of 4.5 years' imprisonment as to count 3, to be served concurrently with counts 1 and 2. The court's sentencing minute entry stated the crime violated A.R.S. § 13-705 and other statutes.

¶7        Kleinman timely appealed, and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 13-4033(A)(4).

## DISCUSSION

¶8        Kleinman argues his prison sentence and the "highly negative and destructive effects of [the] case" violate his constitutional rights under the Eighth Amendment and due process. We address each argument in turn.

I.     Kleinman's Eighth Amendment Argument

¶9        Kleinman argues the negative impact of the DCAC designation, and his 4.5-year prison sentence violate the Eighth Amendment's prohibition against cruel and unusual punishment. We address the DCAC designation later in this decision. *See infra* Section III.

¶10       We review de novo whether a defendant's sentence complies with the Eighth Amendment. *See State v. Florez*, 241 Ariz. 121, 127, ¶ 21 (App. 2016). Because Kleinman did not object on Eighth Amendment grounds at the November 2024 sentencing hearing, we review only for fundamental, prejudicial error. *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). The imposition of an illegal sentence constitutes fundamental, prejudicial error. *State v. McPherson*, 228 Ariz. 557, 559, ¶ 4 (App. 2012).

¶11       When reviewing a sentence under the Eighth Amendment, we first determine whether "there is a threshold showing of gross disproportionality by comparing 'the gravity of the offense [and] the

harshness of the penalty.'" *State v. Berger*, 212 Ariz. 473, 476, ¶ 12 (2006) (quoting *Ewing v. California*, 538 U.S. 11, 28 (2003)). Noncapital sentences are prohibited only if they constitute an "extreme" sentence that is "grossly disproportionate to the crime." *Id.* at ¶ 13 (quoting *Ewing*, 538 U.S. at 23).

**¶12**        Kleinman likens his facts to those in *Davis*, a case in which our supreme court vacated a 52-year sentence imposed on a 20-year-old man who was convicted of having "non-coerced sex with two post-pubescent teenage girls." 206 Ariz. at 380, ¶¶ 7-11 (2003). *Davis* presented an "extremely rare case" when the facts and circumstances of the defendant's offense resulted in an unconstitutionally disproportionate sentence. *Berger*, 212 Ariz. at 480, ¶ 38. There, each count was charged as a DCAC. *Davis*, 206 Ariz. at 380, ¶ 7.

**¶13**        Here, Kleinman's sentence does not constitute cruel and unusual punishment. Like the defendant in *Davis*, Kleinman was young when he committed the crimes. *Id.* at 379, ¶ 2. However, unlike the victims in *Davis*, Kleinman's victim was not a post-pubescent teenager who "knew what [she was] doing and willingly participated," "sought [the defendant] out," and "went voluntarily to [defendant's] home." *Id.* at 384-85, ¶ 36. Instead, the victim was Kleinman's younger sister, who was five or six years old at the time of the crimes.

**¶14**        Further, unlike the lengthy sentence imposed in *Davis*, *see id.* at 380, ¶ 9, Kleinman received only 4.5 years of incarceration for a course of misconduct over three dates, and he may be eligible for earned release credits, *see* A.R.S. § 41-1604.07(A) (former), (B)(2) (current) (permitting eligible prisoners to earn release credit of "one day for every six days served"). And unlike the defendant in *Davis* who had no criminal record, *see* 206 Ariz. at 385, ¶ 36, Kleinman was convicted of sexual conduct with a minor in June 2017 in another case. In these circumstances, a 4.5-year sentence is not disproportionate, much less grossly so. *See State v. Jackson*, 186 Ariz. 490, 492 (App. 1996). Therefore, Kleinman has not met his burden to show fundamental error. *See Escalante*, 245 Ariz. at 142, ¶ 21.

II.        Kleinman's Due Process Argument

**¶15**        Kleinman contends the State's prosecution of the case violated his due process rights under the United States Constitution. In support of his contention, Kleinman argues the State should not have charged him as an adult and his case should have been adjudicated in juvenile court.

¶16         Although Kleinman raised an equal protection argument at the November 2024 sentencing hearing on similar grounds, he did not object on due process grounds and thus did not preserve his due process argument on appeal. *See State v. Lopez*, 217 Ariz. 433, 434, ¶ 4 (App. 2008) ("[A]n objection on one ground does not preserve the issue on another ground. . . . When a party fails to object properly, we review solely for fundamental error.") (citations omitted).

¶17         Accordingly, we review his argument for fundamental, prejudicial error. *See Escalante*, 245 Ariz. at 140, ¶ 12. "An error is fundamental if it goes to the foundation of the case, takes away from the defendant a right essential to his defense, or is of such magnitude that the defendant could not have possibly received a fair trial." *State v. Johnson*, 247 Ariz. 166, 185, ¶ 41 (2019) (citing *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018)).

¶18         Kleinman's due process argument does not satisfy his burden on fundamental error review. *See generally State v. Jones*, 248 Ariz. 499, 501, ¶ 7 (App. 2020) (noting that if a defendant fails to satisfy their burden of persuasion on any element of fundamental error, the defendant's claim fails). He argues being prosecuted as an adult for crimes he committed as a teenager resulted in "negative and destructive effects" that violated his due process rights. As an example, he argues "[t]he negative effect on [his] life caused by this case generally, and the disruption to his life it has wrought began on the day he was charged. Both have grown steadily worse as the years have passed and both will continue to grow worse in the future." He further states the prosecution of the case "[was] so abusive of justice and shocking to our common sense of fairness that it's continued prosecution abrogates [his] right . . . to due process." But A.R.S. § 13-107 permits the State to prosecute sexual offenses under §§ 13-1401 to 13-1472 "at any time." Kleinman was convicted on all three counts under A.R.S. § 13-1405. Therefore, Kleinman has not shown that being prosecuted as an adult was error, much less fundamental error.

III.    Sentencing Minute Entry Correction

¶19         Kleinman asks us to remove the reference to A.R.S. § 13-705, a DCAC designation, in the November 2024 sentencing minute entry. The State concedes that, given our prior memorandum decisions in this case, A.R.S. § 13-705 should not have been included.

¶20         We agree with Kleinman and the State. We can correct inadvertent errors in sentencing orders on appeal. *State v. Vandever*, 211

Ariz. 206, 210, ¶ 16 (App. 2005), *disapproved on other grounds by State v. Aragon ex rel. Pima Cnty.*, 252 Ariz. 525, 531, ¶ 20 (2022).  Thus, we remove the reference to A.R.S. § 13-705 in the November 2024 sentencing minute entry.

## CONCLUSION

**¶21**        We modify the November 2024 sentencing minute entry as set forth above and otherwise affirm Kleinman's sentence.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR

6